RECEIVED
JAN -7 2011
AT 8:30_____
WILLIAM T. WALSH   M
CLERK

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS STROBERT, | Civil Action No. 07-3172 (GEB) |
| Plaintiff, | |
| v. | OPINION |
| OCEAN COUNTY JAIL, et al., | |
| Defendants. | |

**BROWN, Chief Judge**

Currently pending before the Court are two motions from Defendant Kenneth Gillen ("Defendant"): (1) Motion in Limine/Motion to Dismiss (Docket Entry No. 25; and (2) Motion for Summary Judgment (Docket Entry No. 32). The two motions appear to be virtually identical. Plaintiff Thomas Strobert did not file any substantive opposition to Defendant's motion to dismiss.[1] It appears that Plaintiff filed opposition to Defendant's motion for summary judgment along with his Pretrial Memorandum. (Docket Entry No. 33.) The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Defendant's motion for summary judgment.

---

[1] In his opposition, Plaintiff states that the facility where he is currently housed does not provide adequate materials to "respond to the federal courts" and he has been denied access to an outside library. However, Plaintiff does not provide any further information and has not articulated any actual injury. *Lewis v. Casey*, 518 U.S. 343, 348-51, 354-55 (1996); *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir.1997). Further, Plaintiff's complaint does not contain a claim for denial of access to the courts and Plaintiff has not made a motion to amend his complaint.

I. **Factual History**

Defendant provided a statement of material facts in support of his motion for summary judgment. Plaintiff does not appear to specifically provide a responsive statement of material facts, but rather generally provides his own version of the facts. Therefore, the Court will gather the relevant facts from the complaint, Plaintiff's deposition testimony and Defendant's Local Civil Rule 56.1 statement of undisputed material facts and supporting exhibits. *See Athill v. Speziale*, 2009 WL 1874194, at *2 (D.N.J. June 30, 2009) (citing *Jordan v. Allgroup Wheaton*, 218 F.Supp.2d 643, 646 n. 2 (D.N.J.2002)) ("[w]here a nonmoving pro se litigant fails to file a responsive Local Civil Rule 56.1 statement of undisputed material facts, a court may draw the relevant facts underlying the claims from available sources such as the complaint, deposition testimony, the moving litigant's Local Civil Rule 56.1 statement of undisputed material facts and supporting exhibits"). Only the facts relevant to the pending motion are recited below.

On or about December 29, 2005, Plaintiff was booked into the Ocean County Jail. (Pl.'s Compl. 4.) Defendant was employed by the Ocean County Department of Corrections, however on the date of this incident, he was working for the Ocean County Prosecutor's Office in the Special Operations Unit - Gang Unit. (Certification of Kenneth Gillian "Gillian Cert." ¶1.) Defendant interviewed Plaintiff regarding classification and during the interview, Plaintiff made Defendant aware that he would have a possible problem being in the same jail cell/unit/pod with any member of the Bloods gang or Craighead family. (*Id.* at ¶3.) Defendant states that according to the completed classification questionnaire, he documented the information received from Plaintiff regarding his issues with the aforementioned gang members. (Def.'s Br., Ex. C.) Plaintiff alleges in his complaint that Defendant "made no comment on the issue[,] totally ignoring it." (Pl.'s Compl.

2

4.) Plaintiff further alleges that Defendant failed to "fill in the blanks and raise the flags that indicate a danger or threat." (Pl.'s Opp. 2.)

At some point later that day, Plaintiff was moved from booking to population; specifically West C, Lower Tier, Room 4. (Def's Br., Ex. A, Ex. C.) Defendant certifies that he was not involved in the decision to place Plaintiff where he was assigned. (Ex. C., Gillen Cert.) Further, to Defendant's knowledge, Plaintiff was not deliberately placed in a pod where there was a known threat to Plaintiff's well-being. (*Id.*) Plaintiff was attacked while in his cell and, as a result, was injured. (Pl.'s Compl. ¶4.) According to Plaintiff, Defendant came down to the medical unit to apologize to him after Plaintiff was injured. (Def.'s Br., Ex. E, T40-T41, T43:12-T44:16.) Plaintiff further alleges that Defendant failed to ask him whether he wanted to be placed in protective custody, which would support his allegation that Defendant ignored his concerns. (*Id.*) Plaintiff does not know whether Defendant knew the three men who attacked him were Bloods. (Exhibit "E", T42:6-11).

## II. Discussion

### A. Legal Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996); *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. *See Celotex*, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," *Id.* at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted); *see also Anderson*, 477 U.S. at

247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Anderson*, 477 U.S. at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, *New Jersey Federal Practice Rules* 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" *Id.* at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." *Id.* (citation omitted).

**B. Analysis**

**1. Failure to Protect**

Though it is not made clear by either party, it appears that at the time of the assault, Plaintiff was a pre-trial detainee at the Ocean County Jail. Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. *See Fuentes v. Wagner*, 206 F.3d 335, 341 n.9 (3d Cir.), cert. denied, 531 U.S. 821 (2000). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979). *Fuentes*, 206 F.3d at 341-42. Therefore, if Plaintiff was in fact a pretrial detainee at the time of the incident, Plaintiff's failure to protect claim would be analyzed under the Due Process Clause of the Fourteenth Amendment under the standard set forth in *Bell*.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." 441 U.S. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. 441 U.S. at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. *Id.* at 539 n.20, 561-62.

As a practical matter, courts have analyzed claims of failure to protect under the "deliberate indifference" standard set forth in Eighth Amendment jurisprudence, as the due process rights of a pretrial detainee are at least as great as the Eighth Amendment rights of a convicted prisoner. *Mohamed v. Aviles*, 2007 WL 923506, at *6 (D.N.J. March 26, 2007) (citing *Turner v. Cupp*, 238 F.3d 424, 2000 WL 1141423, at *2 (6th Cir. Aug. 4, 2000)); *Hubbard v. Taylor*, 399 F.3d 150, 166 n.22 (3d Cir. 2005) (applying Eighth Amendment doctrine to pretrial detainees raising claims of failure to protect and inadequate medical care); *Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir.1999); *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir.1998); *Ervin v. Mangum*, 127 F.3d 1099, 1997 WL 664606, at *4 (4th Cir. Oct. 27, 1997).

To prevail on an Eighth Amendment failure to protect claim, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant was deliberately indifferent to the risk. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994)). To establish deliberate indifference by an individual, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and

disregarded it. *See Farmer*, 511 U.S. at 837; *Natale*, 318 F.3d at 582.

With regard to the objective element, conditions pose a substantial risk of serious harm when they deny the inmate one identifiable basic human need or deprive him of minimal civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 305 (1991). As for the subjective element, the Supreme Court clarified the mental state required to show an official's deliberate indifference in *Farmer*, 511 U.S. at 838. The Court held that an official shows deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Moreover, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The Court clarified, however, that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as the infliction of punishment." *Id.* at 838. "For purposes of summary judgment, it is incumbent on the plaintiff to marshal evidence sufficient to raise the inference that a prison official 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" *Counterman v. Warren County Correctional Facility*, 176 Fed.Appx. 234, 238 (3d Cir. 2006) (citing *Farmer*, 511 U.S. at 846, 114 S.Ct. 1970.)

In this case, the Court finds that Plaintiff has not put forth the required evidence to succeed on a claim for failure to protect under either the Fourteenth or Eighth Amendment. With regard to the Fourteenth Amendment standard, Plaintiff has not alleged any facts suggesting that his housing assignment was intended to "punish" him nor has Plaintiff alleged that corrections officials were aware of particular inmates' gang affiliations (or absence of gang affiliations). *Penianah v. Ocean County Dept. of Correction*, 2009 WL 3261946, at *7 (D.N.J. October 07, 2009). As such, he has not stated a claim under the Fourteenth Amendment.

8

Under the Eighth Amendment failure to protect standard, Plaintiff's claim must also fail as he cannot establish deliberate indifference on the part of Defendant. Defendant has put forth a certification stating that he interviewed Plaintiff for classification purposes. Defendant acknowledges that during the classification interview, Plaintiff informed him that he may have issues with being in the same cell or pod as members of the Bloods or Craighead gangs. Defendant certified that he made note of those issues on Plaintiff's questionnaire. Plaintiff, in opposition, argues that Defendant did not "raise the proper flags" or indicate a threat on the questionnaire. He also argues that Defendant did not offer him protective custody.

Upon reviewing the questionnaire, it appears that Plaintiff takes issue with the fact that Defendant did not fill in the section of the questionnaire which states: "[i]nmate should be separated from:_____." Rather, Defendant left that section blank. However, Defendant did indicate on the questionnaire that Plaintiff had enemies in the facility that may harm him specifically, "poss [sic] Bloods - Craighead." Further, Defendant also certified that he was not involved in the moving of Plaintiff to the pod where he was assaulted nor was he aware of Plaintiff deliberately being placed in a pod where there was a known threat to his well-being. Plaintiff has not offered any evidence to indicate that Defendant was aware that the individuals in his pod were Bloods members or that Defendant was involved in the moving of Plaintiff to that pod.

Plaintiff argues that the fact that Defendant came to see him when he was in the medical unit and stated that "he [Plaintiff] was right," is evidence that Defendant was deliberately indifferent. However, this argument is undercut by the fact that Defendant indicated Plaintiff's potential issues with members of the Bloods and Craighead gangs on the questionnaire. At best, it would appear that Defendant's failure to specifically indicate that Plaintiff should be separated from Bloods members

9

would more properly sound in negligence, which is not cognizable under §1983. *See Penianah*, 2009 WL 3261946 at *7 ("[a]ny negligence in the classification and housing policy is insufficient to establish a violation of the Eighth Amendment"); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986) (finding that prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a deprivation of constitutional rights); *see also Schwartz v. County of Montgomery*, 843 F.Supp. 962 (E.D.Pa.), aff'd, 37 F.3d 1488 (3d Cir. 1994) (stating that corrections officers' failure to observe institutional policies regarding the supervision of dangerous inmates constitutes negligence, which cannot support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Therefore, the Court will grant Defendant's motion for summary judgment.

### III. Conclusion

For the above reasons, the Court will grant Defendant's motion for summary judgment. Defendant's motion in limine/motion to dismiss is dismissed as moot. An appropriate order follows.

s/Garrett E. Brown, Jr.
**HONORABLE GARRETT E. BROWN, JR.**
**UNITED STATES DISTRICT JUDGE**

Dated: January 7, 2011